**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P195-R**

**RONALD SCHAEFFER**                                                                                          **PLAINTIFF**

**v.**

**DEPARTMENT OF CORRECTIONS** *et al.*                                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss a portion of Plaintiff's claims and provide him with an opportunity to amend his complaint as related to the remaining claims.

### I.  SUMMARY OF COMPLAINT

Plaintiff has sued the Kentucky Department of Corrections, the Commonwealth of Kentucky, the Kentucky State Penitentiary ("KSP"), and various state officials and employees on "false arrest, and false imprisonment and false identity and false criminal charge that this Commonwealth of Kentucky has falsely accused [Plaintiff] of sodomizing two young boys."  Plaintiff further alleges that he has "in fact been molested by 4 KSP employee's and also been threatened by the 4 same employees here at Kentucky State Penitentiary."

### II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A ; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.     False Arrest, False Imprisonment, False Identity and False Criminal Charges**

Plaintiff is currently not in a position to file a § 1983 action based on his allegations that Defendants have falsely arrested, imprisoned, identified and/or charged him of sodomy. The Supreme Court of the United States has barred such relief via a § 1983 proceeding until and

unless the convictions have been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Applying *Heck* to this case and finding the rationale to be applicable here, this Court finds that a judgment in Plaintiff's favor would necessarily imply that his sodomy convictions were illegal. In fact, that is exactly what Plaintiff alleges and exactly what he asks this Court to conclude. Plaintiff's challenge strikes at the very heart of his criminal conviction and sentence. It is clear from the face of Plaintiff's complaint that his convictions or sentences have not been set aside in a manner mandated by *Heck*. Because *Heck* bars an action where a plaintiff fails to show that his conviction or sentence has been declared invalid, these claims must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Court notes that Plaintiff has basically attempted to use a civil proceeding, brought pursuant to 42 U.S.C. § 1983, to challenge his state court convictions and sentences. To the extent that Plaintiff seeks release from any illegal convictions and/or sentences, he essentially seeks a writ of habeas corpus and must proceed according to habeas law. Plaintiff may seek relief from his convictions and sentence in this Court only by filing a petition for writ of habeas corpus under 28

U.S.C. § 2254, after exhaustion of state court remedies and within the time frame of the statute. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). To the extent that Plaintiff may wish to do so, the Court will instruct the Clerk of Court to provide Plaintiff with the forms necessary to file a petition under 28 U.S.C. § 2254.

**B.      Molestation and Threats by KSP employees**

Plaintiff alleges that he was molested and threatened by four KSP employees. Federal Rule of Civil Procedure 8 governs pleading in federal court. The pleading standard articulated in Rule 8 is a low standard. A plaintiff need only give the defendant "fair notice" of the plaintiff's claims. Fed. R. Civ. P. 8(a). While this pleading standard is quite liberal, a plaintiff must "allege a factual predicate concrete enough to warrant further proceedings." *Foundation for Interior Design Educ. Research v. Savannah Coll. of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001). In other words, the "complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998). Plaintiff's complaint as currently styled lacks enough specificity. The body of Plaintiff's complaint does not name by description or otherwise the four employees, describe the molestation or threats, provide the dates the conduct allegedly occurred, or give any additional information that would serve to put Defendants on notice of the conduct at issue.

The Court, however, is troubled by Plaintiff's allegations that he has been molested and threatened by Defendants. As such, the Court will provide Plaintiff with an opportunity to amend his complaint with respect to this claim. Any amendment should state the facts of Plaintiff's case, including how each Defendant violated Plaintiff's rights and the approximate dates said violations occurred. Plaintiff should also identify the constitutional right(s) that he alleges were violated.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Kentucky Justice & Public Safety Cabinet, Office of Legal Services

4413.008